IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUDY F. JONES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. CIV-08-562-C |
| ) | |
| OKLAHOMA CITY PUBLIC SCHOOLS, ) | |
| INDEPENDENT SCHOOL DISTRICT ) | |
| NO. 89 OF OKLAHOMA CITY, ) | |
| OKLAHOMA, ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant as Executive Director of Curriculum and Instruction ("EDCI"). At the time she began this position, Plaintiff was 50 years old. For the 2006-2007 fiscal year, the EDCI position was contracted for 248 working days per year with an annual salary of $98,270.00. On April 26, 2007, John Porter was hired as Superintendent for Defendant. On June 5, 2007, Plaintiff was called into the District's Human Resources office where she was informed that the EDCI position was being eliminated. On July 12, 2007, Plaintiff was assigned to be the principal at Horace Mann Elementary School for the 2007-2008 school year. For the 2007-2008 school year Plaintiff remained on the same salary schedule the previous year, earning $99,016.00. For the 2008-2009 school year Plaintiff's salary was reduced to $82,250.00 and the days she was required to work were also reduced to 210.

Believing her demotion was due to her age, Plaintiff filed the present action alleging Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq.

("ADEA"), and/or wrongful discharge in violation of Oklahoma's public policy as set forth in the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. §§ 1101 et seq. ("OADA"). Defendant denies that Plaintiff was demoted and asserts that even if she was, the action was due to the elimination of her former position rather than age-related bias. Relying on these arguments, Defendant filed the present motion seeking summary judgment on Plaintiff's claims.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the

nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

1. ADEA Claim.

Plaintiff argues that she has direct evidence of discriminatory animus based on her age in the form of comments from co-workers and a supervisor about when she planned to retire. Even were the Court to accept these statements as demonstrating a discriminatory bias, they would serve only as circumstantial evidence. The Tenth Circuit has held that to constitute direct evidence there must be a policy which itself constitutes discrimination. See Ramsey v. City & County of Denver, 907 F.2d 1004, 1008 (10th Cir. 1990). "Statements which on their face are expressions of personal opinion, however, can only support an inference of discrimination if the trier of fact finds the inference reasonable, and so constitute only circumstantial or indirect evidence of discrimination against the plaintiff." Tomsic v. State Farm Mut. Auto. Ins. Co., 85 F.3d 1472, 1477 (10th Cir. 1996). This tenet holds even where the party making the comment holds a high-level position. See Stone v. Autoliv ASP, Inc., 210 F.3d 1132, 1136 (10th Cir. 2000). Thus, Plaintiff has not offered direct evidence of discrimination.

Because Plaintiff has offered no direct evidence of discrimination, her claims must be analyzed under the familiar McDonnell Douglas[*] framework. Beaird v. Seagate Tech. Inc., 145 F.3d 1159, 1165 (10th Cir. 1998) (applying McDonnell Douglas to ADEA claim). Application of that analytical framework is a multi-step task. First, Plaintiff must establish a prima facie case which is shown by setting forth that: "1) she is a member of the class protected by the statute; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class." Sanchez v. Denver Pub. Sch., 164 F.3d 527, 531 (10th Cir. 1998). Here, Defendant argues that Plaintiff did not suffer an adverse employment action because her daily pay rate remained virtually unchanged. However, as Plaintiff correctly notes, her reassignment came with other changes to her employment status, as it resulted in a change in her vacation pay, her retirement benefits, and the prestige of her position. "The Tenth Circuit liberally defines the phrase 'adverse employment action.' Such actions are not simply limited to monetary losses in the form of wages or benefits. Instead, we take 'a case-by-case approach,' examining the unique factors relevant to the situation at hand." Id. at 532 (internal citations omitted). Applying this standard and viewing the evidence in the light most favorable to Plaintiff, the Court finds Plaintiff has set forth a prima facie case of discrimination under the ADEA.

Once Plaintiff has met her burden, the burden shifts to Defendant to offer a legitimate nondiscriminatory reason for its actions. Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1216 (10th Cir. 2002). If Defendant meets this burden, Plaintiff must then demonstrate either that

---

[*] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

her age was the real reason for Defendant's conduct or show that Defendant's action was a mere pretext. Id.

Defendant asserts that Plaintiff was reassigned because Superintendent Porter decided to create a new position in a revenue neutral manner and that Plaintiff's position was eliminated to fund the new position. Defendant also argues that Porter also restructured what had been Plaintiff's previous position and created a new position including some of Plaintiff's former duties and adding additional duties. Defendant also notes that during his tenure as Superintendent, Porter reassigned and/or promoted at least six persons over the age of 50, and that Porter himself was 56 years old. According to Defendant, these actions discredit any claim that Porter held an age bias in his decisions relating to Plaintiff. Based on these arguments, the Court finds Defendant has stated legitimate nondiscriminatory reasons for its actions. The burden now shifts to Plaintiff to demonstrate these reasons were merely a pretext to hide its discriminatory action.

Plaintiff asserts that prior to her reassignment several fellow employees, including Linda Brown, made age-related comments consisting of inquiries about her retirement plans. Plaintiff also notes that these comments were often outside the context of the conversation. As for the elimination of Plaintiff's EDCI position, Plaintiff notes that even after her reassignment, funding for her former position continued and the staff working in that department continued their employment. Plaintiff also notes the similarity between the EDCI position and the newly created Executive Director of Teaching and Learning position. Based

on these arguments, Plaintiff claims her reassignment was a mere pretext to remove her from an administrative position.

"A plaintiff can show pretext by revealing 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence. . . .'" Plotke v. White, 405 F.3d 1092, 1102 (10th Cir. 2005) (quoting Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997)). Here, when the evidence is viewed in the light most favorable to Plaintiff, there is evidence from which a reasonable factfinder could rationally find Defendant's proffered reason inconsistent or unworthy of belief. Plaintiff's argument is that after her reassignment funding for her position continued and eventually a "new" virtually identical position was created. While the Court recognizes Defendant has proffered a believable explanation for these facts and has offered compelling testimony to explain the apparent contradiction between its reasons for reassigning Plaintiff and its subsequent actions, the Court cannot at this stage weigh the parties' positions and determine which has more merit. However, as the Supreme Court has noted: "there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148, (2000). "[T]he nature and quantum of plaintiff's proof is key, for the Supreme Court has also explained that evidence about the falsity of an employer's proffered race-neutral explanation for termination will not '*always* be adequate to sustain . . . liability.'" Young v. Dillon Cos., Inc.,

468 F.3d 1243, 1250 (10th Cir. 2006) (quoting Reeves, 530 U.S. at 148). As the Circuit has further elaborated: "[i]n drawing [a Reeves-type] inference, the factfinder must be able to conclude, based on a preponderance of the evidence, that discrimination was a determinative factor in the employer's actions– simply disbelieving the employer is insufficient." Miller v. Eby Realty Group LLC, 396 F.3d 1105, 1111 (10th Cir. 2005).

As noted above, Plaintiff's evidence of pretext is not particularly strong and a reasonable jury could very well find no inconsistencies in Defendant's position. But particularly fatal to Plaintiff's case is the lack of evidence from which a reasonable jury could find discrimination. This lack of evidence places Plaintiff's case squarely within the contours of the Reeves exception noted above. The only evidence offered by Plaintiff that even remotely suggests a desire to discriminate based on age are the questions about her retirement plans. Of the persons who made the comments, only one, Ms. Brown, was even arguably involved in the reassignment decision, but Defendant strongly argues she had no role in the decision process. Indeed, Ms. Brown's own testimony clearly states that the decision regarding Plaintiff's reassignment was made by the incoming Superintendent, Mr. Porter. Plaintiff argues that Mr. Shanahan, Defendant's Senior Human Resources Officer, told her others were involved in the decision to reassign her, but she offers no additional evidence suggesting that her age played a role regardless of who was involved. Rather, Plaintiff offers what can only be considered an unsupported far-fetched conspiracy theory wholly lacking in detail or evidence. Indeed, from Plaintiff's testimony it is not entirely clear that she believed the reassignment occurred because of her age or the simple fact that other people didn't like her.

Unless that dislike was because of her age, a point on which there is no evidence, there can be no viable ADEA claim. In short, the Court finds that even when the evidence is viewed in the light most favorable to Plaintiff, no reasonable juror could find that Defendant's decision to reassign her was based on her age. Thus, Defendant is entitled to summary judgment.

2.  State Law Claims.

Plaintiff also raised claim(s) that her termination was in violation of Oklahoma's Anti-Discrimination Act and/or Oklahoma's public policy. However, she concedes in her response brief that those claim(s) could not survive. Accordingly, Defendant's Motion for Summary Judgment will be granted on this issue.

## CONCLUSION

For the reasons set forth herein, the Court finds the undisputed material facts demonstrate Defendant is entitled to judgment on Plaintiff's claims. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 27) is GRANTED. A separate judgment will issue. All pending motions are stricken as moot.

IT IS SO ORDERED this 27th day of April, 2009.

ROBIN J. CAUTHRON
United States District Judge